Sean Conboy (State Bar #214487)
    sean.conboy@squirepb.com
Michael A. Carlin (State Bar # 290264)
    michael.carlin@squirepb.com
Squire Patton Boggs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California  90071
Telephone:   +1 213 624 2500
Facsimile:    +1 213 623 4581

Attorneys for Defendant
VOLKSWAGEN GROUP OF AMERICA,
INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONI MUELLER and JORDAN MUELLER,<br><br>                    Plaintiffs,<br><br>          v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendant Volkswagen Group of America, Inc. ("VWGoA" or "Defendant") removes this action on the basis of diversity jurisdiction from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Plaintiffs Roni Mueller and Jordan Mueller personally served Defendant's registered agent with the Summons and Complaint on September 13, 2017.  This Notice is filed within 30 days of service of the complaint on the Defendant. Therefore, the Notice is timely pursuant to 28 U.S.C. § 1446(b)(3).

NOTICE OF REMOVAL
CASE NO.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California  90071

**BACKGROUND FACTS**

1. Plaintiffs Roni Mueller and Jordan Mueller ("Plaintiffs") filed suit against Volkswagen Group of America, Inc. and Does 1-10 on August 30, 2017 in the Superior Court of California County of Los Angeles, case number BC674362 ("State Court Action"). Plaintiffs allege VWGoA breached the warranties that accompanied the sale of the 2015 Audi A3 automobile, VIN WAUBFGFF1F1004683. Plaintiffs' claims are based on alleged violations of the Song-Beverly Consumer Warranty Act, Civ. Code § 1790, *et seq.* and Magnuson Moss Consumer Warranty Act, 15 U.S.C. § 2301(3).

2. Plaintiffs' Complaint contains six causes of action: (i) violation of Subdivision (d) of Civil Code § 1793.2 (ii) violation of Subdivision (b) of Civil Code § 1793.2 (iii) violation of Subdivision (a)(3) of Civil Code § 1793.2; (iv) Breach of Express Warranty (Civ. Code § 1791.2, subd. (a)); 1794); (v) Breach of Implied Warranty of Merchantability (Civ. Code § 1791.1; 1794); (vi) Violation of the Magnuson-Moss Warranty Act. (Compl. at 1:19-8:25). A true and correct copy of Plaintiffs' Summons and Complaint, along with the documents that accompanied the complaint are attached as Exhibit A.

3. VWGoA was served with Plaintiffs' Summons and Complaint on September 13, 2017.

4. VWGoA filed an answer to Plaintiffs' complaint in the State Court Action on October 12, 2017. A true and correct copy of VWGoA's Answer is attached as Exhibit B hereto.

**REMOVAL BASED ON DIVERSITY JURISDICTION**

5. This Court has jurisdiction of this action under 28 U.S.C. § 1332. The following facts establish diversity jurisdiction:

6. Plaintiffs are citizens of California. Roni Mueller and Jordan Mueller are, individuals residing in California. Roni resides in Los Angeles County, and Jordan resides in San Diego County (Complaint 2:11-12).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

NOTICE OF REMOVAL
Case No.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

7.     VWGoA is a New Jersey corporation with its principal place of business in Herndon, Virginia. VWGoA is not, and was not at the time the State Court Action was commenced, a citizen of the State of California.

8.     The amount in controversy exceeds $75,000 based on Plaintiffs' demand for reimbursement of the contract price of the vehicle. (See Compl. 4:22-25). The total cost of the Subject Vehicle over the term of the retail installment contract is at least $38,134.08.  (See Exh. C, total sale price of vehicle is $38,134.08)).[1] Plaintiffs also pleaded that Plaintiffs suffered damages that exceed $25,000.00. (Compl. At 2:25-26). In addition to Plaintiffs' economic damages, Plaintiffs seek "a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c)." (Compl. At 3:7-9.)  California Civil Code section 1794(c) provides that a civil penalty can be issued for willful violation of the Act in an amount "two times the amount of actual damages."  As a result, the amount of damages sought by plaintiffs based on the contract alone exceeds $75,000.00.[2] Based on the sales contract, Plaintiff's are seeking a minimum of $111,402.24 in damages, meeting the jurisdictional damages threshold for diversity jurisdiction per 28 U.S.C. § 1332(a). Plaintiffs also request incidental and consequential damages. (Compl. at 8:14). Plaintiffs' also seek to recover Plaintiffs' attorneys' fees and costs. (Civil Code § 1794(d) and Compl. at 8:15-16).

---

[1] See also https://www.fueleconomy.gov/feg/Find.do?action=sbs&id=34710 (stating MSRP ranges from $33,200 to $41,650) (accessed 10/13/2017). The court may look beyond the pleadings in determining the amount in controversy in connection to determining whether it has jurisdiction. *Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 438 (S.D.N.Y. 2006) (*citing United Food & Comm. Workers Union v. Centermark Prop. Meriden Square*, 30 F.3d 298, 305 (2d Cir. 1994)). The Court may take judicial notice of government websites. *Gent v. Cuna Mut. Ins. Soc'y*, 611 F.3d 79, 84 n. 5 (1st Cir. 2010) (citing *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003)).

[2] Plaintiffs may claim that defendant is entitled to a damages set-off, which could reduce the recoverable damages. However, the value of $75,000.00 is computed without regard to any setoff or counterclaim. See 28 U.S.C. § 1332(b).

-3-

NOTICE OF REMOVAL
Case No.

9.      Because the State Court Action was filed in the County of Los Angeles, the United States District Court for the Central District of California is the proper venue for removal.

**This Court Also Has Federal Question Jurisdiction Over This Matter**

10.      The present action is properly removable under 28 U.S.C. § 1441(b). The Complaint alleges, in part, that VWGoA violated the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3). (See Complaint at 7:5-7).

11.      As set forth in detail above, the Complaint alleges and demands total damages in excess of $111,402.24 (i.e., damages of $38,134.08 + civil penalty of $76,268.16) plus incidental and consequential damages and attorney fees.  In determining the amount in controversy, the Court considers alleged civil penalties and attorney fees under state law such as the Song-Beverly Consumer Warranty Act. *Brady v. Mercedes-Benz USA, Inc.* (N.D. Cal., 2002) 243 F.Supp.2d 1004, 1009-10.

12.      The Magunson-Moss Warranty Act confers federal jurisdiction on any matter in which the amount in controversy is in excess of $50,000. 15 U.S.C. § 2310(d)(1)(B)-(d)(3)(B).

13.      Accordingly, this Court has federal question jurisdiction over this claim pursuant to 28 U.S.C. § 1441(c), 28 U.S.C. § 1331, and 15 U.S.C. § 2301 et. seq.

**COPIES OF PLEADINGS SERVED ON DEFENDANT**

14.      **Exhibit A** to this Notice is a true and correct copy of all pleadings in the State Court Action that have been served on Defendant VWGoA.

15.      **Exhibit B** to this Notice is a true and correct copy of VWGoA's answer filed in the State Court Action.

16.      By filing this Notice of Removal, Defendant does not waive, either expressly or impliedly, any defense, affirmative defense or motion that may be available or concede that Plaintiffs are entitled to any of the damages they claim.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

-4-

NOTICE OF REMOVAL
Case No.

\*        \*        \*

WHEREFORE, Notice is given by Defendant that the local action is removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California in accordance with this notice dated October 13, 2017.

Dated: October 13, 2017                              Squire Patton Boggs (US) LLP


By:        */s/ Michael Carlin*

Sean P. Conboy
Michael A. Carlin
Attorneys for Defendant
VOLKSWAGEN GROUP OF
AMERICA, INC.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

NOTICE OF REMOVAL
Case No.

010-8545-5100/1/AMERICAS

# *EXHIBIT A*

SUM-100



**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VOLKSWAGEN GROUP OF AMERICA, INC.; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RONI MUELLER and JORDAN MUELLER

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

AUG 30 2017

Sherri R. Carter, Executive Officer/Clerk

By: _____, Deputy
Moses Soto

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Stanley Mosk Court House <br> 111 North Hill Street <br> Los Angeles, CA 90012 | CASE NUMBER: <br> *(Número del Caso):* <br> BC 6 7 4 3 6 2 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado, o del demandante que no tiene abogado, es):*
Anna Cronk; 1840 Century Park East, Suite 430, Los Angeles, CA 90067; Tel: (310) 929-4900

| | | | | |
|---|---|---|---|---|
| DATE: AUG 30 2017 <br> *(Fecha)* | SHERRI R. CARTER | Clerk, by <br> *(Secretario)* | M. Soto | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Volkswagen Group of America, Inc.

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Anna Cronk (SBN 272970)<br>Strategic Legal Practices, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 929-4900    FAX NO.: (310) 943-3838<br>ATTORNEY FOR (Name): Plaintiffs Roni Mueller and Jordan Mueller | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>AUG 30 2017<br><br>Sheri R. Carter, Executive Officer/Clerk<br>By: _____, Deputy<br>Moses Soto |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

| CASE NAME:<br>Roni Mueller, et al. v. Volkswagen Group of America, Inc. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 6 7 4 3 6 2 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary    b.[ ] nonmonetary; declaratory or injunctive relief    c.[✓] punitive
4. Number of causes of action (specify): six (6)
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 30, 2017

Anna Cronk, Esq.
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition



| SHORT TITLE: MUELLER, R., ET AL. v. VOLKSWAGEN | CASE NUMBER BC 674362 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3-5 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):



**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8; |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| SHORT TITLE: | MUELLER, R., ET AL. v. VOLKSWAGEN | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☒ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: MUELLER, R., ET AL. v. VOLKSWAGEN | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: MUELLER, R., ET AL. v. VOLKSWAGEN | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☑5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 111 North Hill Street |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 30, 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.



Michael Devlin (State Bar No. 265365)
e-mail: mdevlin@slpattorney.com
Anna Cronk (State Bar No. 272970)
e-mail: acronk@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile:  (310) 943-3838

Attorneys for Plaintiffs RONI MUELLER
and JORDAN MUELLER

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 3 0 2017

Sherri R. Carter, Executive Officer/Clerk
By: _____ , Deputy
       Moses Soto

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES– UNLIMITED JURISDICTION

| | |
|---|---|
| RONI MUELLER and JORDAN MUELLER, | Case Nos.:  BC 6 7 4 3 6 2 |
| Plaintiffs, | Hon.<br>Dept.: |
| vs. | **COMPLAINT FOR VIOLATION OF** |
| VOLKSWAGEN GROUP OF AMERICA, INC.; and DOES 1 through 10, inclusive, | **STATUTORY OBLIGATIONS** |
| Defendants. | JURY TRIAL DEMANDED |

**COMPLAINT; JURY TRIAL DEMANDED**

1  Plaintiffs allege as follows:

2  **PARTIES**

3      1.    As used in this Complaint, the word "Plaintiffs" shall refer to Plaintiffs RONI

4  MUELLER and JORDAN MUELLER.

5      2.    Plaintiff RONI MUELLER is a resident of Los Angeles County, California.

6      3.    Plaintiff JORDAN MUELLER is a resident of San Diego County, California.

7      4.    As used in this Complaint, the word "Defendant" shall refer to all Defendants

8  named in this Complaint.

9      5.    Defendant VOLKSWAGEN GROUP OF AMERICA, INC., is a corporation

10  organized and in existence under the laws of the State of New Jersey and registered with the

11  California Department of Corporations to conduct business in California. At all times relevant

12  herein, Defendant was engaged in the business of designing, manufacturing, constructing,

13  assembling, marketing, distributing, and selling automobiles and other motor vehicles and

14  motor vehicle components in Los Angeles County.

15      6.    Plaintiffs are ignorant of the true names and capacities of the Defendants sued

16  under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure

17  section 474. When Plaintiffs become aware of the true names and capacities of the

18  Defendants sued as DOES 1 to 10, Plaintiffs will amend this Complaint to state their true

19  names and capacities.

20  **FIRST CAUSE OF ACTION**

21  **BY PLAINTIFFS AGAINST DEFENDANT**

22  **VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2**

23      7.    On or about May of 2014, Plaintiffs purchased a 2015 Audi A3, vehicle

24  identification number WAUBFGFF1F1004683, (hereafter "Vehicle") which was

25  manufactured and or distributed by Defendant. The Vehicle was purchased or used primarily

26  for personal, family, or household purposes. Plaintiffs purchased the Vehicle from a person or

27  entity engaged in the business of manufacturing, distributing, or selling consumer goods at

28  retail.

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1

8.      In connection with the purchase, Plaintiffs received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time.  The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiffs could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

9.      During the warranty period, the Vehicle contained or developed defects, including but not limited to, defects causing the activation of the check engine light; defects causing "evap switch" failure; defects causing the activation of Diagnostic Trouble Code ("DTC") P0456 and/or P045600; defects causing "evap" system leakage; defects requiring fuel pump replacement; defects relating to the turbo charger; defects requiring the replacement of the turbo charger; defects causing tearing in the turbo hose; defects causing the loosening of the turbo hose clamp; defects causing the activation of the "oil minimum level" warning; and defects causing excessive oil consumption.  Said defects substantially impair the use, value, or safety of the Vehicle.

10.     Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities.  Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiffs as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2).

11.     Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code section 1794.

12.     Plaintiffs suffered damages in a sum to be proven at trial in an amount that exceeds $25,000.00.

13.     Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that

1   they were unable to service or repair the Vehicle to conform to the applicable express

2   warranties after a reasonable number of repair attempts, yet Defendant failed and refused to

3   promptly replace the Vehicle or make restitution.  Accordingly, Plaintiffs are entitled to a civil

4   penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794,

5   subdivision (c).

6        14.    Defendant does not maintain a qualified third-party dispute resolution process

7   which substantially complies with Civil Code section 1793.22.  Accordingly, Plaintiffs are

8   entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code

9   section 1794, subdivision (e).

10       15.    Plaintiffs seek civil penalties pursuant to section 1794, subdivisions (c), and (e)

11   in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code

12   section 1794, subdivision (f).

13                    **SECOND CAUSE OF ACTION**

14               **BY PLAINTIFFS AGAINST DEFENDANT**

15     **VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**

16       16.    Plaintiffs incorporate by reference the allegations contained in the paragraphs

17   set forth above.

18       17.    Although Plaintiffs presented the Vehicle to Defendant's representative in this

19   state, Defendant and its representative failed to commence the service or repairs within a

20   reasonable time and failed to service or repair the Vehicle so as to conform to the applicable

21   warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b).

22   Plaintiffs did not extend the time for completion of repairs beyond the 30-day requirement.

23       18.    Plaintiffs have been damaged by Defendant's failure to comply with its

24   obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of

25   Action pursuant to Civil Code section 1794.

26       19.    Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of the

27   Vehicle, and has exercised a right to cancel the purchase.  By serving this Complaint,

28   Plaintiffs do so again.  Accordingly, Plaintiffs seek the remedies provided in California Civil

STRATEGIC LEGAL PRACTICES, APC

3

1    Code section 1794(b)(1), including the entire contract price. In the alternative, Plaintiffs seek

2    the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in

3    value of the Vehicle resulting from its defects. Plaintiffs believe that, at the present time, the

4    Vehicle's value is *de minimis.*

5        20.    Defendant's failure to comply with its obligations under Civil Code section

6    1793.2(b) was willful, in that Defendant and its representative were aware that they were

7    obligated to service or repair the Vehicle to conform to the applicable express warranties

8    within 30 days, yet they failed to do so. Accordingly, Plaintiffs are entitled to a civil penalty

9    of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

10                              **THIRD CAUSE OF ACTION**

11                         **BY PLAINTIFFS AGAINST DEFENDANT**

12        **VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2**

13        21.    Plaintiffs incorporate by reference the allegations contained in paragraphs set

14    forth above.

15        22.    In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed

16    to make available to its authorized service and repair facilities sufficient service literature and

17    replacement parts to effect repairs during the express warranty period. Plaintiffs have been

18    damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section

19    1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

20        23.    Defendant's failure to comply with its obligations under Civil Code section

21    1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide

22    literature and replacement parts sufficient to allow its repair facilities to effect repairs during

23    the warranty period, yet Defendant failed to take any action to correct its failure to comply

24    with the law. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs'

25    actual damages; pursuant to Civil Code section 1794(c).

26    ///

27    ///

28    ///

**COMPLAINT; JURY TRIAL DEMANDED**

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT**

**BREACH OF EXPRESS WRITTEN WARRANTY**

**(CIV. CODE, § 1791.2, SUBD. (a); § 1794)**

24.     Plaintiffs incorporate by reference the allegations contained in paragraphs set forth above.

25.     In accordance with Defendant's warranty, Plaintiffs delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiffs did so within a reasonable time. Each time Plaintiffs delivered the Vehicle, Plaintiffs notified Defendant and its representative of the characteristics of the Defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

26.     Plaintiffs have been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

27.     Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiffs are entitled to a civil penalty of two times of Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

**FIFTH CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

**(CIV. CODE, § 1791.1; § 1794)**

28.     Plaintiffs incorporate by reference the allegations contained in the paragraphs set forth above.

29.     Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1,

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

5

1   the duration of the implied warranty is coextensive in duration with the duration of the express
2   written warranty provided by Defendant, except that the duration is not to exceed one-year.

3       30.   Pursuant to Civil Code section 1791.1 (a), the implied warranty of
4   merchantability means and includes that the Vehicle will comply with each of the following
5   requirements: (1) The Vehicle will pass without objection in the trade under the contract
6   description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3)
7   The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to
8   the promises or affirmations of fact made on the container or label.

9       31.   At the time of purchase, or within one-year thereafter, the Vehicle contained or
10  developed the defects set forth above. The existence of each of these defects constitutes a
11  breach of the implied warranty because the Vehicle (1) does not pass without objection in the
12  trade under the contract description, (2) is not fit for the ordinary purposes for which such
13  goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not
14  conform to the promises or affirmations of fact made on the container or label.

15      32.   Plaintiffs have been damaged by Defendant's failure to comply with its
16  obligations under the implied warranty, and therefore brings this Cause of Action pursuant to
17  Civil Code section 1794.

18                          **SIXTH CAUSE OF ACTION**
19                     **BY PLAINTIFFS AGAINST DEFENDANT**
20          **VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

21      33.   Plaintiffs incorporate by reference the allegations contained in the paragraphs
22  set forth above.

23      34.   Plaintiffs are a "consumer" as defined in the Magnuson-Moss Warranty Act
24  (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

25      35.   Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15
26  U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

27      36.   The Vehicle is a "consumer product" as defined in the Mag-Moss Act, 15
28  U.S.C. § 2301(1).

STRATEGIC LEGAL PRACTICES, APC

37.     In addition to the express warranty, in connection with the sale of the Vehicle to Plaintiff, an implied warranty of merchantability was created under California law. The Vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the Vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

38.     Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the Vehicle.

39.     Plaintiffs have also met all of Plaintiffs' obligations and preconditions to bring this claim, or alternatively it would have been futile for Plaintiffs to do so.

40.     In addition, Plaintiffs have met all of Plaintiffs' obligations for bringing this claim as provided in the written warranties, or alternatively, Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

41.     As a direct and proximate result of the acts and omissions of the Defendant, Plaintiffs have been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

42.     Under the Act, Plaintiffs are entitled to reimbursement of the entire amount paid or payable.

43.     Plaintiffs are entitled to all incidental, consequential, penalties, and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

44.     Plaintiffs have been damaged by Defendant's failure to comply with its obligations under the express warranty, implied warranty, as well as any other violations alleged here, and therefore brings this claim pursuant to 15 U.S.C. §2310(d) and seeks remedies available pursuant to Magnuson-Moss Act under California law, including

California Civil Code Section 1794 and/or California Commercial Code Sections 2711-2715, and/or other remedies that the Court may deem proper.

45. Plaintiffs are entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

**PRAYER**

PLAINTIFFS PRAY for judgment against Defendant as follows:

a. For Plaintiffs' actual damages in an amount according to proof;
b. For restitution;
c. For a civil penalty in the amount of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);
d. For any consequential and incidental damages;
e. For costs of the suit and Plaintiffs' reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);
f. For any remedies pursuant to the Magnuson-Moss Act, including but not limited to those remedies provided under the Song-Bervely Act, the California Uniform Commercial Code and/or any other remedy that the Court deems proper.
g. For prejudgment interest at the legal rate; and
h. For such other relief as the Court may deem proper.

///
///
///
///
///
///

8

**COMPLAINT; JURY TRIAL DEMANDED**

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action asserted herein.

Dated: August 30, 2017                          STRATEGIC LEGAL PRACTICES, APC

BY: _____

ANNA H. CRONK
Attorney for Plaintiffs RONI MUELLER and
JORDAN MUELLER

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

9

*EXHIBIT B*

1    Squire Patton Boggs (US) LLP
     Sean P. Conboy (State Bar # 214487)
2      sean.conboy@squirepb.com
     Michael A. Carlin (State Bar # 290264)
3      michael.carlin@squirepb.com
     555 South Flower Street, 31st Floor
4    Los Angeles, CA 90071
     Telephone: 213.624.2500
5    Facsimile: 213.623.4581

6    Attorneys for Defendants
     VOLKSWAGEN GROUP OF AMERICA, INC.
7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

           COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION
10

11

| | |
|---|---|
| RONI MUELLER and JORDAN MUELLER, | No. BC674362 |
| | **DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S ANSWER TO COMPLAINT** |
| Plaintiffs, | |
| v. | |
| | Complaint Filed: August 30, 2017 |
| VOLKSWAGEN GROUP OF AMERICA, INC.; and DOES 1 through 10, inclusive, | |
| Defendants. | |

18

19       COMES NOW Defendant Volkswagen Group of America, Inc., and in answer to

20 Plaintiffs' Complaint on file herein alleges and avers as follows:

                             **GENERAL DENIAL**
21

22       Defendant Volkswagen Group of America, Inc. ("Defendant" or "VWGoA"), for itself and

23 for no other person or entity, files this general denial pursuant to Code of Civil Procedure section

24 431.30(d) and hereby denies – each and every, all and singular, generally and specifically – the

25 allegations contained in Plaintiffs' Complaint, and further specifically denies that Plaintiffs have

26 been injured in any way or damaged in any sum or amount whatsoever.

27

28

**AFFIRMATIVE DEFENSES**

AS AND FOR ITS SEPARATE, DISTINCT, AND AFFIRMATIVE DEFENSES to the Complaint on file herein and to each cause of action thereof, this answering Defendant alleges as follows:

**FAILURE TO STATE A CAUSE OF ACTION**

(As to all claims)

1. The subject Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against this answering Defendant.

**LACK OF NONCONFORMITY**

(As to all claims)

2. There is no warranted defect or nonconformity with respect to the subject vehicle. Moreover, the alleged defect(s) – if any exist – in the subject vehicle do not substantially impair the use, value or safety of Plaintiffs' vehicle so as to warrant or support Plaintiffs' Complaint, and thus Plaintiffs are barred from the recovery sought therein.

**NO REASONABLE NUMBER OF REPAIR ATTEMPTS**

(As to all claims)

3. Plaintiffs did not allow this answering Defendant or its dealer(s) a reasonable number of attempts to conform the vehicle to the express warranty applicable to the subject vehicle.

**CONDITIONS BEYOND CONTROL OF DEFENDANT – CIV. CODE § 1793.2(b)**

(As to all Song-Beverly Consumer Warranty Act & Magnuson-Moss Warranty Act claims)

4. Any delay in the repair of the subject vehicle or any alleged defect or nonconformity thereof was caused by conditions beyond this answering Defendant's control. (Civil Code § 1793.2(b)).

1    **CONDITIONS BEYOND CONTROL OF DEFENDANT – CIV. CODE § 1793.22(b)(3)**

2    (As to all Song-Beverly Consumer Warranty Act & Magnuson-Moss Warranty Act claims)

3         5.      Any delay in the repair of the subject vehicle or any alleged defect or

4    nonconformity thereof was due to conditions beyond this answering Defendant's control. (Civil

5    Code § 1793.22(b)(3)).

6    **LACK OF WARRANTY COVERAGE**

7    (As to all claims)

8         6.      The alleged defect or nonconformity at issue, and any alleged damage resulting

9    from the alleged defect or nonconformity at issue, were and are expressly excluded from and

10   otherwise not covered by the express written limited warranty applicable to the subject vehicle.

11   **FAULT OF OTHERS**

12   (As to all claims)

13        7.      The losses and damages complained of by Plaintiffs, if any, were proximately

14   caused by the negligence, acts, omissions and/or fault of Plaintiffs and parties, individuals, or

15   entities other than this answering Defendant.

16   **ALTERATION OF PRODUCT**

17   (As to all claims)

18        8.      Upon information and belief, the subject vehicle was altered, changed, or otherwise

19   modified by parties, individuals, or entities other than this answering Defendant, and said

20   modifications, changes, or alterations were a proximate cause of the damages alleged by Plaintiffs,

21   if any there were.

22   **MISUSE OF VEHICLE AND FAILURE TO FOLLOW INSTRUCTIONS**

23   (As to all claims)

24        9.      Upon information and belief, any alleged defects or nonconformities in the subject

25   vehicle were caused solely and exclusively by misuse, abuse, and failure to use the subject vehicle in

26   the manner in which it was intended, and by a failure to follow instructions regarding the subject

27   vehicle.  Such misuse, abuse, and failure to follow instructions on the part of Plaintiffs and parties,

28

-3-                                    Case No. BC674362
**ANSWER TO COMPLAINT**

1  individuals, and entities other than this answering Defendant, proximately caused or contributed to

2  the damages complained of, if any there were.

3  **UNAUTHORIZED OR UNREASONABLE USE**

4  (As to all Song-Beverly Consumer Warranty Act & Magnuson-Moss Warranty Act claims)

5       10.    Upon information and belief, any alleged defects or nonconformities in the subject

6  vehicle were caused by the unauthorized or unreasonable use of the subject vehicle following sale.

7  (Civil Code § 1794.3).

8  **FAILURE TO COMPLY WITH APPLICABLE PROVISIONS OF LAW**

9  (As to all Song-Beverly Consumer Warranty Act & Magnuson-Moss Warranty Act claims)

10       11.    Plaintiffs have failed to comply with the requirements of the applicable statutory

11  provisions for asserting the causes of action alleged in the Complaint including, but not limited to,

12  those set forth under the provisions the Song-Beverly Consumer Warranty Act, Civil Code section

13  1791 *et seq.,* and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; accordingly,

14  Plaintiffs are barred from asserting such claims in this action.

15  **FAILURE TO EXHAUST DISPUTE RESOLUTION PROCESS – CIVIL CODE § 1793.22(C)**

16  (As to all Song-Beverly Consumer Warranty Act & Magnuson-Moss Warranty Act claims)

17       12.    Upon information and belief, Plaintiffs did not resort to, exhaust, or otherwise fully

18  comply with a qualified third-party dispute resolution process, pursuant to Civil Code section

19  1793.22(c).

20  **COMPLIANCE**

21  (As to all Song-Beverly Consumer Warranty Act & Magnuson-Moss Warranty Act claims)

22       13.    Defendant has complied with its obligations under the implied warranty and limited

23  express warranty, and with the requirements of the Song-Beverly Consumer Warranty Act and

24  Magnuson-Moss Warranty Act.

25

26

27

28

-4-                                    Case No. BC674362
**ANSWER TO COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CIVIL CODE § 1794(e)(2)**

(As to all Song-Beverly Consumer Warranty Act claims)

14.    Defendant maintains a qualified third-party dispute resolution process which complies or substantially complies with Section 1793.22 and therefore Defendant is not liable for civil penalties pursuant to Section 1794(e)(2).

**15 USC 2310(A)(3)(C)**

**(As to all Magnuson-Moss Warranty Act claims)**

15.    Defendant maintains a qualified third-party dispute resolution process which complies or substantially complies with 15 U.S.C. 2301 and which Plaintiff failed to utilize, thereby barring Plaintiff's cause of action for alleged violation of the Federal Magnuson-Moss Warranty Act.

**LACK OF VERTICAL PRIVITY**

(As to all implied warranty claims)

16.    Plaintiffs' claims for breach of implied warranty are barred by a lack of vertical privity between Plaintiffs and this answering Defendant, as Plaintiffs did not purchase the subject vehicle from or otherwise contract with VWGoA.

**FAILURE TO MITIGATE DAMAGES**

(As to all claims)

17.    Plaintiffs were under a duty to mitigate any damages which may have been sustained, and Plaintiffs failed to act reasonably and properly to mitigate any damages or losses Plaintiffs claim to have sustained, if any there were.  Accordingly, Plaintiffs are barred from recovering any damages, which could have been avoided by reasonable mitigation efforts.

**REPAIR**

(As to all claims)

18.    If there were any nonconformities or defects manifested in the subject vehicle (which this answering Defendant expressly denies), those nonconformities or defects have been fully serviced or repaired to conform the vehicle to the applicable warranty(ies).

-5-                    Case No. BC674362

**ANSWER TO COMPLAINT**

1

**EQUITABLE DEFENSES**

2

(As to all claims seeking equitable relief)

3    19.    Plaintiffs are estopped from seeking equitable relief from this answering Defendant

4  because Plaintiffs' own inequitable conduct precludes equitable relief under the doctrines of

5  unclean hands, equitable estoppel, and/or laches.

6

**EXPIRATION OF IMPLIED WARRANTY – CIVIL CODE § 1791.1**

7

(As to all Song-Beverly Consumer Warranty Act & Magnuson-Moss Warranty Act claims)

8    20.    Any and all implied warranties, if any there were, including but not limited to

9  warranties of merchantability and fitness, expired by their own terms or by operation of Civil

10  Code section 1791.1 prior to Plaintiffs' filing of the complaint.

11

**STATUTE OF LIMITATIONS**

12

(As to all claims)

13    21.    The claims alleged in the Complaint are barred by the applicable statutes of

14  limitations including, but not limited to, the provisions of California Code of Civil Procedure

15  sections 312, 337(1)-(3), 338(a) (d) (j), 339(1) (3), and 343, and/or California Commercial Code

16  section 2725.

17

**DEMAND FOR ARBITRATION**

18

(As to all claims)

19    22.    Upon information and belief, the contract for the purchase of the vehicle at issue in

20  Plaintiff's Complaint includes an arbitration clause and by way of this answer and affirmative

21  defense, this answering Defendant hereby demands arbitration.

22

**CODE CIV. PRO. § 389, FRCP 19**

23

(As to all claims)

24    23.    Upon information and belief, the Complaint does not name all necessary or

25  indispensable persons as plaintiffs in this action, and does not state the reasons said person(s)

26  is/are not joined; therefore, the action should be dismissed.

27

28

1

**RESERVATION OF DEFENSES**

2

(As to all claims)

3      24.     This answering Defendant has insufficient knowledge or information upon which

4   to form a belief as to whether it may have additional, as yet unstated, affirmative defenses

5   available, and this answering Defendant reserves the right to assert such additional defenses in the

6   event discovery, investigation, or analysis indicate the need for same.

7      WHEREFORE, this answering Defendant prays for judgment and relief as follows:

8          1.     That Plaintiffs take nothing by way of the Complaint on file herein;

9          2.     For judgment in favor of this answering Defendant and against Plaintiffs on each

10   and every cause of action of the Complaint;

11          3.     For this answering Defendant's attorneys' fees as allowed by law;

12          4.     For this answering Defendant's costs of suit as allowed by law; and,

13          5.     For such other relief as the Court may deem just and proper.

14   Dated:  October 12, 2017                    SQUIRE PATTON BOGGS (US) LLP

15

16                                    By _____

17                                             Sean P. Conboy
                                               Michael A. Carlin
18                                       Attorneys for Defendant
                                         Volkswagen Group of America, Inc.
19

20

21

22

23

24

25

26

27

28

-7-                                          Case No. BC674362

**ANSWER TO COMPLAINT**

***Re: Roni Mueller, et al. v. Volkswagen Group of America, Inc.***
*Los Angeles County Superior Court, Case Number: BC674362*

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 555 South Flower Street, 31st Floor, Los Angeles, California 90071.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On October 12, 2017, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S ANSWER TO COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

Michael Devlin, Bar No. 265365              Attorneys for Plaintiffs
Anna Cook, Bar No. 272970                    **RONI MUELLER and JORDAN**
STRATEGIC LEGAL PRACTICES APC    **MUELLER**
1840 Century Park East, Suite 430
Los Angeles, CA  90067
Phone:  310-929-4900
Fax:  310-943-3838

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 12, 2017, at Los Angeles, California.

_____
Zephyr  Spear
440111.02637

- 1 -

*EXHIBIT C*

010-8545-8437/1

# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

**FEDERAL TRUTH-IN-LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| 1.90 % | $ 374.08 | $ 10973.60 | $ 11292.68 | $ 13814.68 |

| SELLER ASSISTED LOAN | AUTO BROKER FEE DISCLOSURE | HOW THIS CONTRACT CAN BE CHANGED. This |
|---|---|---|

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: _____ **N/A**
Amount $ ____ **N/A** Finance Charge $ ____ **N/A**
Total $ ____ **N/A** Payable in ____ **N/A**
installments of $ ____ **N/A** - $ ____ **N/A**
from this Loan is shown in Item 6D.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: _____

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X
Co-Buyer Signs X

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-Buyer sign here, the provisions of Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

X _____ X _____
Buyer                                          Co-Buyer

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____     Co-Buyer Signs X _____

**OPTION:** ☐ You pay no finance charge if the Amount Financed, Item 7, is paid in full on or before ____ **N/A** ____ , Year ____ **N/A** SELLER'S INITIALS _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
**WARNING:**
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

3/5 X _____      X _____

**Trade-in Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in Item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage. Neither your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any payment on this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund.

Buyer Signature X _____      Co-Buyer Signature X **N/A**

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____      Co-Buyer Signature X _____

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION.**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle cancellation option agreement for details.

**YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.**

Buyer Signature X _____ Date **05/25/14** Co-Buyer Signature X _____ Date **06/25/14**
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____      Address _____

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor. If even a Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.
Guarantor waives notice of acceptance of the Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notice of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____ Date **05/25/14**      Guarantor X _____ Date **05/25/14**
Address _____      Address _____

Seller Signs **RUSNAK WESTLAKE** Date **05/25/14** By _____ Title **MGR.**

LAW® FORM NO. 553-CA-ARB REV. 1/13 U.S. PATENT NO. D492,782
©2013 The Reynolds and Reynolds Company TO ORDER: www.wynx.rrco.com 1-800-344-0896; fax 1-800-551-5655
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

FILE COPY